IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN ALFRED REGALADO, )  | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CV-959-L |
| ) | |
| CONSELO MERCADO and JEORGE ) | |
| GASCAS, ) | |
|     Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.    Factual Background**

Plaintiff filed this complaint in the Eastern District of Texas on January 2, 2014. On March 17, 2014, the case was transferred to this Court. On January 24, 2014 and March 3, 2014, mail sent to Petitioner by the district court in the Eastern District of Texas was returned to the court as undeliverable. Similarly, in *Regalado v. Mueller*, No. 3:14-CV-483-M (N.D. Tex.), the court's Findings, Conclusions and Recommendation were returned on April 9, 2014, as undeliverable. Plaintiff has not provided the Court with any alternative address.

**II.    Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has failed to provide the Court with a current address. Accordingly, his complaint should be dismissed for want of prosecution.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's complaint be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed this 30 day of April, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).